UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDERICK G. GEIGER,

        Plaintiff,

            DECISION AND ORDER

-v-

TOWN OF GREECE, MERRITT RAHN,       07-CV-6066 CJS
Chief of Police, LT. STEPHEN WISE,
Both individually and in their Official
Capacity & GANNETT COMPANY, INC.,6:06-cv-6568

        Defendants.

---

APPEARANCES

| | |
|---|---|
| For the Plaintiff: | Christina A. Agola, Esq. |
| | Melvin Bressler, Esq. of Counsel |
| | Law Office of Christina A. Agola, Esq. |
| | 730 First Federal Plaza |
| | 28 East Main Street |
| | Rochester, New York 14614 |
| For defendants Town of Greece, Merritt Rahn, and Stephen Wise: | Anthony M. Sortino, Esq. |
| | Gallo & Iacovangelo LLP |
| | 39 State Street, Suite 700 |
| | Rochester, New York 14614 |

INTRODUCTION

This is an action alleging violations of plaintiff's federal constitutional rights. Now before the Court is a motion [#26] for attorney's fees filed by defendants the Town of Greece ("the Town"), Merritt Rahn ("Rahn"), and Stephen Wise ("Wise") (collectively "the Town Defendants"). For the reasons that follow, the application is denied.

BACKGROUND

The facts of this case were set forth in the Court's prior Decisions and Orders in this case and need not be repeated in their entirety. For purposes of the instant motion it is sufficient to note the following facts. At all relevant times, plaintiff Frederick Geiger ("Plaintiff") operated a towing service in the Town of Greece, New York. Between April 1, 2002 and March 31, 2003, plaintiff and the Town were parties to a written "Towing Service Agreement." (Sortino Aff., Ex. 4). Pursuant to the agreement, the parties agreed, *inter alia*, that plaintiff would "receive towing and service assignments from the 911 Dispatcher," in situations "where vehicles [were] abandoned, disabled, involved in an accident or . . . subject to [the] loss of their drivers due to arrest or other reason." (*Id*.) Significantly, plaintiff and the Town agreed that plaintiff could charge fees, for towing and storage, in accordance with a Fee Schedule contained in the agreement, and that he would provide vehicle owners' with a copy of the rate schedule. (*Id*. at p. 5) Plaintiff further agreed to provide various services, such as towing and flat tire replacement, "to all Town Police and Public Safety vehicles at no cost."

The parties continued to operate under the same terms for the next several years. However, Plaintiff became dissatisfied with the fee arrangement, and complained to a "Complaint Officer Leahry" ("Leahry"), of the Greece Police Department, about the fact that the rates set by the Town were too low, and that he was being required to provide free services to the Town, "not unlike an indentured servant." (Amended Complaint ¶ 43) Plaintiff also complained to Leahry that other tow truck operators on the rotating list were charging more than the rates set under the written agreement. (*Id*. at ¶ 46).

On May 9, 2003, defendant Rahn, Chief of Police for the Town, temporarily removed plaintiff's name from the list of tow truck operators, purportedly due to "alleged complaints and violations of the towing contract." (Amended Complaint ¶ 50). Ten days later, on May 19, 2003, plaintiff was placed back on the rotation list. Subsequently, on or about August 18, 2005, the Town of Greece received a complaint from a citizen, who alleged that plaintiff had overcharged her for towing services. Defendant Wise investigated the complaint, and concluded that plaintiff had overcharged the citizen. Plaintiff requested that Wise also review the business records of the other tow service providers on the Town's list, but Wise declined to do so. A few days after Wise's investigation, Rahn permanently removed plaintiff from the list of two truck operators, and asked the New York State Attorney General to investigate plaintiff.

On or about August 23, 2005, Rahn and Wise were quoted in a newspaper article concerning plaintiff, printed in the Rochester Democrat and Chronicle newspaper, which is owned by defendant Gannett. According to plaintiff, Rahn told the newspaper that plaintiff was removed from the towing operator's list because he "had tried to bill a woman more than twice the amount listed in [the towing] contract," while Wise stated that it was possible that the Town's contract with Geiger would be terminated. (Amended Complaint ¶ 60). Subsequently, the New York State Attorney General investigated plaintiff, and concluded that plaintiff had overcharged at least 126 consumers.

On February 6, 2007, Plaintiff commenced the subject action. In his Amended Complaint, Plaintiff purported to state the following claims: 1) a claim pursuant to 42 U.S.C. § 1983 against the Town and Rahn, alleging that they deprived him of "property" without due process in violation of the 5th and 14th Amendments to the U.S. Constitution; 2) a claim

3

pursuant to 42 U.S.C. § 1983 against the Town and Rahn, alleging that they selectively enforced the towing agreement against him, and selectively prosecuted him, in retaliation for his complaints, in violation of the 1st and 4th Amendments and the 14th Amendment Equal Protection Clause; 3) a claim that the Town Defendants retaliated against him, in violation of the First Amendment; and 4) a claim pursuant to 42 U.S.C. § 1983 against the Town Defendants, alleging that they defamed and stigmatized him on August 23, 2005 in statements to the news media, and improperly removed him from the list of approved tow service operators, in violation of the 14th Amendment to the U.S. Constitution.

On March 30, 2007, the Town Defendants filed their joint motion [#7] to dismiss the amended complaint. On September 5, 2007, the Court issued a Decision and Order [#23] dismissing the claims against the Town Defendants, pursuant to FRCP 12(b)(6).[1] On September 13, 2007, the Town Defendants filed the subject motion [#26] for attorney's fees, pursuant to 42 U.S.C. § 1988 and FRCP 54(d)(2)(B). In that regard, the Town Defendants contend that they are entitled to an award of attorney's fees, since they were the prevailing parties in this action. *See*, Sortino Affirmation [#26-1] at ¶ ¶ 7-8 ("42 U.S.C. § 1998 [sic] provides that this Court, in its discretion, may award reasonable attorney's fees as part of the costs to the prevailing party in an action to enforce 42 U.S.C. § 1983. These moving Defendants are the prevailing parties in this action and are entitled to reasonable attorney's fees.")

DISCUSSION

The legal principles applicable to the instant motion are clear:

---

[1]On November 2, 2007, the Court issued a Decision and Order [#37] denying Plaintiff's motion for reconsideration.

> Under 42 U.S.C. § 1988(b), in any action to enforce Section 1983, a district court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . . Fees are regularly awarded to prevailing *plaintiffs* who obtain some significant measure of relief *but not to prevailing defendants*. Instead, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. A prevailing defendant need not show bad faith by a plaintiff to be entitled to attorneys' fees, though such a showing provides an even stronger basis for the award.

*Panetta v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006) (emphasis added; citations and internal quotation marks omitted); *see also, Santiago v. Victim Servs. Agency of Metro. Assistance Corp.*, 753 F.2d 219, 221 (2d Cir. 1985) ("A prevailing defendant who seeks attorney's fees [under 42 U.S.C. § 1988] must demonstrate that the plaintiff's claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. This burden is placed on the defendant because the plaintiff in a civil rights action is the chosen instrument of Congress to vindicate a policy of the highest national priority.") (citations and internal quotation marks omitted), *overruling on other grounds recognized by Valley Disposal, Inc. v. Central Vermont Solid Waste Management Dist.*, 71 F.3d 1053 (2d Cir. 1995).

In the instant case, the Town Defendants have not met their burden of demonstrating their entitlement to attorney's fees under the applicable standard set forth above. That is, although they are clearly prevailing parties in this action, the Town Defendants have not argued in their application that Plaintiff's claims under Section 1983 were frivolous, unreasonable, or groundless. Nor is the Court inclined to make such a finding *sua sponte*. Consequently, although the Court appreciates the able manner in which counsel defended

5

this matter on behalf of the Town Defendants, the application for attorney's fees must be denied.

CONCLUSION

For the foregoing reasons, the Town Defendants' motion [#26] for attorney's fees is denied.

SO ORDERED.

Dated:     March 17, 2008
           Rochester, New York

ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge